UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY ERICKSON,

    Plaintiff,

v.

GOGEBIC COUNTY, et al.,

    Defendants.

                                    /

Case No.   2:22-cv-00067

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses the motion for judgment on the pleadings filed under Fed. R. Civ. P. 12(c) by Defendant Voit, a Sheriff's Deputy and Corrections Officer at the Gogebic County Jail. (ECF No. 22.) Voit argues that he is entitled to qualified immunity based upon the allegations asserted in the complaint and based upon the testimony and jury's not guilty verdict in his assault and battery criminal trial.

The Plaintiff in this case – Randy Erickson – filed this civil rights action pursuant to 42 U.S.C. § 1983 based on events that occurred while he was incarcerated in the Gogebic County Jail. (ECF No. 1.) Erickson alleges that Defendant Voit, who was a guard at the Gogebic County Jail, used excessive force against him by slamming his head into the jail cell floor and by kneeling on his head and/or neck.

(*Id.*)   Defendant Voit also asserts that Erickson refused to provide him with medical care after this incident.[1]   (*Id.*)

Voit was charged with criminal assault and battery of Erickson.   The criminal case against Voit went to trial and Erickson testified.   A jury acquitted Voit of the charge.   Voit argues that the jury verdict establishes that he was acting reasonably at the time he "took down" Erickson in the jail cell and, accordingly, that he is entitled to qualified immunity from civil liability.   Voit argues that Erickson omitted facts in his complaint that were consistent with witness testimony indicating that he did not suffer significant injuries to establish excessive force or that he needed medical care, that Erickson failed to obey Voit's order to kneel necessitating the "take down", and that Erickson failed to submit sufficient allegations in his complaint to support his Eighth Amendment claims.

The parties dispute whether the Court should consider the criminal trial transcript when considering a motion for judgment on the pleadings.   Erickson asserts that if the Court considers the criminal trial transcript, the Court should review the video showing Voit's use of excessive force against Erickson.   Erickson also argues that before granting a motion under rule 12(c), the Court should allow Erickson to amend his complaint.

In the opinion of the undersigned, the Court should not consider the criminal trial verdict or transcript on a motion for judgment on the pleadings.   It is

---

[1]   Erickson also sues Gogebic County and two other Sheriff's Deputies / Corrections Officers:   Lucis Bucknell and Trevor Jackovich.

recommended that the Court find that Defendant Voit is not entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c) because Erickson's complaint states a claim upon which relief may be granted.

It is recommended that the Court deny Defendant Voit's motion for judgment on the pleadings.

## II. Factual Allegations

Erickson says that on February 18, 2020, while he was confined in the Gogebic County Jail, Defendant Voit questioned him and his three other cellmates about the trash outside their jail cell. (ECF No. 1, PageID.3.) Neither Erickson nor his cellmates named the individual who had placed the trash outside the jail cell. (*Id.*) Voit cancelled the visitation rights for Erickson and his three other cellmates. (*Id.*)

Erickson says that he became upset because his visitors had already been waiting for one hour to see him. Erickson kicked the jail door and dropped a "boat" (a portable jail bed enclosure) onto the ground. (*Id.*) Erickson picked up the "boat" and resumed playing cards with his cellmates. (*Id.*) Voit asked Erikson if he needed a "time out."

Voit ordered Erikson to step outside the jail cell and to place his hands against the wall and then behind his back. (*Id.*, PageID.4.) Voit placed Erickson in handcuffs. (*Id.*) Voit escorted Erickson to another jail cell down the hall. (*Id.*) Erickson says that during the escort, Voit forcefully pulled on handcuffs causing Erickson to lose feeling in his hands. (*Id.*) Erickson complained that the handcuffs

3

were too tight and that he sustained injuries including bruising and marks on his wrists. (*Id.*)

When they reached the new jail cell, Voit told Erickson to kneel. (*Id.*) As Erickson attempted to comply, Voit grabbed Erickson and threw him to the ground face first to the floor. (*Id.*) Voit jumped on Erickson's back and placed him in a headlock. (*Id.*) While Erickson was still handcuffed, Voit pulled Erickson across the jail floor by his neck or head. (*Id.*) Erickson says that Voit jerked unnaturally and upward on his handcuffed arms, slammed his head into the wall, and smashed his face on the floor while pulling him across the jail floor by his head or neck. (*Id.*) Voit then forcibly kneeled on Erickson's neck and/or head while removing the handcuffs. (*Id.*) After removing the handcuffs, Voit lifted his knee from Erickson's head and neck, and then left the cell. (*Id.*, PageID.5.)

Erickson says that Defendant Bucknell witnessed the events but failed to intervene. (*Id.*) Erickson says that on February 19, 2020, Defendant Jackovich denied him medical treatment. (*Id.*) Defendants denied Erickson medical treatment for approximately 42 hours before he was taken to the hospital during the afternoon of February 20, 2020, where he was treated for serious and obvious injuries. (*Id.*)

Defendant Voit was charged with criminal assault and battery due to his conduct in using force against Erickson. (*Id.*) Erickson now asserts that Defendant Voit used excessive force against him and that Defendant Bucknell failed to intervene, in violation of his Eighth Amendment rights. (*Id.*, PageID.6.) Erickson

also alleges that Defendants Voit, Bucknell, and Jackovich acted with deliberate indifference to his serious medical needs. (*Id.*, PageID.8.) Finally, Erickson complains that Defendant Gogebic County has unlawful customs, policies, and/or procedures of failing to adequately train and supervise employees regarding the use of force and the necessity of medical care for seriously injured inmates. (*Id.*, PageID.10.)

### III. Judgment on the Pleadings

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farm Condominium Assoc.*, 958 F.3d 470, 480 (6th Cir., 2020). A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court can take judicial notice of other court proceedings but "generally, a court will recognize only indisputable court actions, such as the entry of a guilty plea

or the dismissal of a civil action. Importantly, 'a court cannot notice pleadings or testimony as true simply because these statements are filed with the court.'" *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 468 (6th Cir. 2014) (citation omitted). Rather, it is more appropriate for the Court to consider documents presented by Defendant for the first time, in a motion for summary judgment under Fed. R. Civ. P. 56. The Court may convert a motion for judgment on the pleadings to a Rule 56 motion and consider matters outside the pleadings. Fed. R. Civ. P. 12(d).

### IV.  Qualified Immunity

Defendant Voit argues that he is entitled to judgment on the pleadings based upon qualified immunity because the transcript from his criminal trial establishes that he did not use excessive force against Erickson or deny Erickson medical care. (ECF No. 22, PageID.123.) Defendant Voit also argues that Erickson failed to sufficiently plead that he acted with deliberate indifference toward Erickson's serious medical needs by denying him medical care. (*Id.*)

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane Cty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Once a defendant raises the qualified immunity defense, the burden shifts to the plaintiff to demonstrate that the defendant officer violated a right so clearly established "that every 'reasonable official would have understood that what he [was]

6

doing violate[d] that right.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). The analysis entails a two-step inquiry. *Martin v. City of Broadview Heights*, 712 F.3d 951, 957 (6th Cir. 2013). First, the court must "determine if the facts alleged make out a violation of a constitutional right." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (1982)). Second, the court asks if the right at issue was "'clearly established' when the event occurred such that a reasonable officer would have known that his conduct violated it." *Id.* (citing *Pearson*, 555 U.S. at 232). A court may address these steps in any order. *Id.* (citing *Pearson*, 555 U.S. at 236). A government official is entitled to qualified immunity if either step of the analysis is not satisfied. *See Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016).

In applying the first step of the qualified immunity analysis, a court must identify "the specific constitutional right allegedly infringed" and determine whether a violation occurred. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The court considers the state of the law at the second step. As the Supreme Court has observed, "this Court's case law does not require a case directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (internal quotation marks and original brackets omitted) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)). As explained by the Supreme Court:

> To be clearly established, a legal principle must have a sufficiently clear foundation in then-existing precedent. The rule must be "settled law," *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per

7

> curiam), which means it is dictated by "controlling authority" or "a robust 'consensus of cases of persuasive authority,' " *al–Kidd*, *supra*, at 741–742, 131 S.Ct. 2074 (quoting *Wilson v. Layne*, 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). It is not enough that the rule is suggested by then-existing precedent. The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. *See Reichle*, 566 U.S., at 666, 132 S.Ct. 2088. Otherwise, the rule is not one that "every reasonable official" would know. *Id.*, at 664, 132 S.Ct. 2088 (internal quotation marks omitted).
>
> The "clearly established" standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). This requires a high "degree of specificity." *Mullenix v. Luna*, 577 U.S. ——, ——, 136 S.Ct. 305, 309, 193 L.Ed.2d 255 (2015) (per curiam). We have repeatedly stressed that courts must not "define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff*, *supra*, at 2023 (internal quotation marks and citation omitted). A rule is too general if the unlawfulness of the officer's conduct "does not follow immediately from the conclusion that [the rule] was firmly established." *Anderson*, *supra*, at 641, 107 S.Ct. 3034. In the context of a warrantless arrest, the rule must obviously resolve "whether 'the circumstances with which [the particular officer] was confronted ... constitute[d] probable cause.'" *Mullenix*, *supra*, at 309 (quoting *Anderson*, *supra*, at 640–641, 107 S.Ct. 3034; some alterations in original).

*D.C. v. Wesby*, 138 S. Ct. 577, 589–90 (2018).

The prohibitions under the Eighth Amendment of excessive force against an inmate and acting with deliberate indifference to an inmate's serious medical needs are well established. *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Estelle v.*

*Gamble*, 429 U.S. 102, 103-04 (1976). Defendant Voit argues that Erickson's complaint omitted crucial facts regarding his excessive force claim and that he has failed to plead facts necessary to support his claim that Defendant Voit denied him medical care.

### A.     **Voit's criminal trial Jury Verdict**

First, Voit argues that his acquittal by the jury of the assault and battery charge "proves the existence of a reasonable doubt about the reasonableness of his conduct." (ECF No. 22, PageID.136.) Voit ignores the fact that the standards in a criminal trial and civil trial are different. In his criminal trial, the jury was asked to consider whether the prosecutor had proven beyond a reasonable doubt that Voit committed assault and battery against Erickson. In contrast, in a civil case, the Plaintiff bears the burden of proving his claims under a preponderance of the evidence standard.

The jury instruction provided in part:

The defendant claims that he acted lawfully within his authority as a police officer. A police officer has the right to use force to control an inmate under certain circumstances. If an officer uses a reasonable degree of force his actions are justified and he is not guilty of assault and battery. You should consider all the evidence and use the following rules to decide whether the defendant acted within his authority as a police officer. Remember to judge the defendant's conduct according to how the circumstances appeared to him at the time he acted. First, when he acted, the defendant must have reason -- honestly and reasonably believed that he had to use force when he encountered resistance from Randy Erickson to either protect himself from injury or to protect Randy Erickson from injuring himself. If his belief was honest and reasonable he could act at once to protect himself, even if it turns out later that he was wrong about how much danger he was in. Second, a person is only justified in using the degree of force that seems necessary at the time to protect himself or the other person from danger.

(ECF No. 22-3, PageID.485-486.)

Even if the Court accepts Voit's argument that the jury "was asked to consider the reasonableness of Voit's conduct" (ECF No. 22, PageID.137) and that the jury in fact determined that Voit acted reasonably, the Court would not be required to find that a jury would have made that decision under a preponderance of the evidence standard. *Dowling v. United States*, 439 U.S. 342, 349 (1990) (acquittal in a criminal case does not preclude the government from relitigating an issue in a subsequent action under a lower standard of proof). Moreover, there is no way for this Court to determine what factors the jury considered in making their decision in the criminal trial. The only conclusion this Court may reach from Voit's criminal trial is that jury determined that the prosecutor failed to prove beyond a reasonable doubt that Voit committed assault and battery under Michigan criminal law. The Court cannot look at the criminal transcript and conclude that the jury found that Voit acted reasonably and therefore that he is shielded by qualified immunity from civil liability on the excessive force claim. That is because "the lack of a criminal conviction is not relevant. A jury provides factual conclusions, beyond a reasonable doubt, when it finds a criminal guilty. A non-conviction however, comes with no such conclusions." *Beard v. Schneider,* 2017 WL 458705, *2 (E.D. Mich., Oct. 16, 2017) (non-convictions are not used as evidence in subsequent civil proceedings).

It is recommended that the Court decline to consider the jury verdict and criminal trial proceeding when considering Defendant's motion for judgment on the

pleadings filed under Fed. R. Civ. P. 12(c). It is further recommended that the Court decline to convert Defendant's motion to a summary judgment motion under Rule 56.

### B.     Erickson's testimony at Voit's criminal trial

Even if the Court were to consider the criminal transcript, Voit's argument fails. Voit argues that Erickson's testimony shows that he could not have violated clearly established law involving being taken down after refusing lawful commands. Defendant points to Erickson's testimony during the criminal trial. Erickson stated that Voit told him twice to kneel. (ECF No. 22-2, PageID.281.) Erickson then agreed that once Voit took him to the ground he was "kind of struggling a little bit." (*Id.*, PageID.282.) Erickson explained that he "was trying to protect my head from that grate sitting right there." (*Id.*, PageID.283.) Defense counsel argues that he could not find any cases "that clearly establishes a prisoner's right to not be taken to the ground and knelt upon after refusal to comply with lawful commands." (*Id.*, PageID.139.) But this argument is too narrowly focused because the issue is the use of excessive force, not whether an officer has the right to take someone to the ground under certain circumstances. What is clear, is that an officer may not use excessive force in doing so. That is the issue in this case.

Erickson has adequately stated his excessive force claim in his complaint and his testimony as a witness in Voit's criminal trial does not render those allegations insufficient.² Nor does Erickson's testimony warrant a finding that Voit did not

---

² Voit also argues that Erickson's witness testimony includes statements that he was "understandably upset", acting "irrational", and "like a fool." Those statements cannot justify an officer's use of excessive force. Voit also tries to

11

violate clearly established law regarding excessive force. Voit argues that his actions, as described by Plaintiff, "were clearly not undertaken 'maliciously and sadistically for the very purpose of causing harm.'" (ECF No. 22, PageID.139.) Determination of Voit's state of mind when he "threw Plaintiff face-first onto the jail floor . . . slammed Plaintiff's head into the wall of the jail cell . . . then forcibly kneeled on Plaintiff's head and/or neck" requires a factual finding that cannot be made on a motion for judgment on the pleadings. (ECF No. 1, PageID.4.)

### C. Failure to Provide Medical Treatment

Voit argues that Erickson failed to allege in his complaint or in his witness testimony during Voit's criminal trial that he had asked Voit for medical treatment after Voit threw him to floor, slammed his head against the wall, and kneeled on his head and/or neck.

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as the failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

---

discount Erickson's claim that Voit pulled on Erickson's handcuffs while escorting him to the new jail cell because Erickson did not provide testimony to support this claim during the criminal trial. However, Voit was not being criminally charged for pulling on Erickson's handcuffs and that issue was not relevant to the assault and battery charges.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In the opinion of the undersigned, the complaint states an Eighth Amendment claim against Voit for deliberate indifference to Erickson's serious medical needs. Erickson alleges that he was taken to the emergency room sometime after the alleged excessive force and treated for his injuries. (ECF No. 1, PageID.5.) Voit downplays Erickson's injuries as bruising treated with over-the-counter pain medication and rest. Erickson has sufficiently alleged that Voit slammed his head and face on the cell floor and kneeled on his head and/or neck. (*Id.*, PageID.4.) These allegations coupled with the fact that Erickson was eventually taken to the hospital for treatment of his injuries are sufficient to establish that Voit may have been aware that Erickson

13

needed medical attention after the alleged excessive force incident.³  Voit has not shown that the allegations in the complaint, entitle him to qualified immunity on Erickson's Eighth Amendment claim that Voit denied him medical care.

---

³  Defendant presented the criminal trial transcript as support for the qualified immunity argument, but even if the Court were to consider the transcript, the Court cannot ignore the entire transcript and focus only on the portions of the transcript that Defendant cites.  Defendant argues that Erickson only stated conclusions of injury in his complaint.  (ECF No. 41.)  Defendant ignores the doctor's testimony that Erickson had a fractured rib and a back contusion.

Voit focuses on an isolated statement made by the prosecuting attorney during his criminal trial to show that Erickson's injuries were not serious.  The prosecutor while questioning Erickson's emergency room doctor stated "[s]o basically just go home, rest, take ibuprofen."  Voit argues that this statement establishes that he did not violate clearly established law.  The prosecutor was questioning the emergency room doctor about Erickson's injuries.  In context, this statement does not support Voit's claim that he did not violate clearly established law.

```
BY MS. CASPERSON:

Q    What's a back contusion?

A    Is a bruise to the back?

Q    Okay.  What's the treatment for those two things, if there
     is any?

A    Treatment is basically time to allow the wounds to heal,
     pain medicine as needed for the healing, ice to the
     affected areas as tolerated.  The back contusion is just
     deep bruising into the back.  That will, again, resolve on
     its own.  And the rib fracture doesn't require any
     additional splinting or stabilizing effects.

Q    So basically just go home, rest, take ibuprofen.

A    Yes.
```

(ECF No. 22-2, PageID.367.)

## V. Recommendation

It is recommended that the Court deny Voit's motion for judgment on the pleadings.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   October 26, 2022                                                      /s/ *Maarten Vermaat*
                                                                               MAARTEN VERMAAT
                                                                               U.S. MAGISTRATE JUDGE