UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RANDY ERICKSON, | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:22-cv-67 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| GOGEBIC COUNTY, *et al.* | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Randy Erickson alleges violations of his civil rights from an incident that occurred while he was incarcerated at the Gogebic County Jail. Defendant Scott Voit filed a motion for judgment on the pleadings. (ECF No. 22.) The Magistrate Judge issued a report recommending that this Court deny the motion. (ECF No. 44.) Defendant filed objections. The Court will adopt the report and recommendations.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. The Magistrate Judge declined to consider the criminal trial verdict and the transcript of the criminal trial when resolving Defendant's motion. Defendant objects

(Objection 1, 1A, 1B, 1C and 1D). Defendant argues the Court can consider the transcripts because they are public documents.[1] Defendant contends that Erickson's testimony at the criminal trial against Voit contradicts the allegations found in the complaint. The Court overrules Defendant's objection.

Rule 12(d) states that for a Rule 12(c) motion, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The well-established exceptions to this rule permit a court to consider both materials referred to in the complaint and central to the plaintiff's claims and also matters of public record.[2] *See Kassem v. Ocwen Loan Servicing, LLC*, 704 F. App'x 429, 432 (6th Cir. 2017). The transcripts on which Defendant relies are not referred to in the complaint and are not central to Plaintiff's claim.[3]

The Sixth Circuit has acknowledged that all circuits that have considered the question have concluded that a court may consider documents of public record when ruling on a Rule 12 motion. *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005) (collecting cases). But, only the fact of the document's existence can be established; a court generally may not consider the contents of the documents. *Id.*; *see e.g., Davis v. City of Clarksville*, 492 F. App'x 572, 578 (6th Cir. 2012) ("But it is not the existence of these documents

---

[1] The Court assumes without deciding that the transcripts are public records.
[2] One other exception, not relevant here, permits a court to consider written instruments that are attached to a pleading as an exhibit. Fed. R. Civ. P. 10(c).
[3] In the complaint, Plaintiff states that because of what happened in the jail cell, Defendant Voit was criminally charged with assault and battery. (ECF No. 1 ¶ 35 PageID.5.) Plaintiff's statement does not, contrary to Defendant's assertion, incorporate by reference the criminal proceedings against Voit. (ECF No. 22 at 9 PageID.131.) This statement in the complaint does not permit the Court to consider the content of any and all documents that were part of the criminal trial.

Davis seeks for us to acknowledge; rather he seeks to rely on the substantive facts within those exhibits, many of which are disputed, to support his appeal."). This limited use of public records extends to the public records of other judicial proceedings. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (quoting *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)); *see also In re Omincare, Inc. Sec. Litig.*, 769 F.3d 455, 468 (6th Cir. 2014) (concluding that taking judicial notice of records from other courts proceedings permits notice of the record, not the contents of the record). Defendant does not rely on the existence of the transcript for this Rule 12 motion. Defendant asks the Court to consider statements contained in the transcript, which the Court cannot do without converting the motion to one for summary judgment under Rule 56

The Court explicitly declines to consider the video of the incident for the purpose of this motion. Plaintiff filed the video as an exhibit to his response to Defendant's motion. He did so as a precaution stating that "if" the Court does consider matters outside the pleadings, then the Court "should consider, at a minimum, the video evidence of the subject incident[.]" (ECF No. 36 at 12 PageID.581.) Under this circumstance, the video cannot be considered part of the record for the purpose of the Rule 12 motion. *See Bell v. City of Southfield, Michigan*, 37 F.4th 362, 364 (6th Cir. 2022) (considering a video of the incident for a Rule 12 motion where the video was part of the record and the complaint implicitly relied on the video because it recounted facts that could only be known by watching the video). Plaintiff does not refer to the video in his complaint. *See Bailey v. City of Ann*

*Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (considering a video of the incident on a Rule 12 motion because the plaintiff "mentions it throughout his complaint").

2. The Magistrate Judge found that Defendant did not properly define the contours of the "clearly established" right for the purpose of qualified immunity: "But this argument is too narrowly focused because the issue is the use of excessive force, not whether an officer has the right to take someone to the ground under certain circumstances. What is clear, is that an officer may not use excessive force in doing so. That is the issue in this case." (R&R at 11 PageID.702). Defendant objects. Defendant argues that Plaintiff has not identified any opinion that would put him on notice that is actions were unlawful for the purpose of the excessive force claim.

The Court overrules Defendant's objection. In the Court's view, the facts alleged in the complaint, which the Court assumes to be true for this motion, allege a set of facts that amount to an "obvious case" of an Eighth Amendment violation. *See Brosseau v. Haugen*, 543 U.S. 194, 199 (2004) (citing *Hope v. Belzer*, 536 U.S. 730, 738 (2002)). To the extent Defendant contends that the right must be framed at a more specific level, several Sixth Circuit opinions puts Defendant on notice. Plaintiff pleads that while he was handcuffed, Defendant threw him "face-first onto the jail cell floor" (¶ 24)," "jerked Plaintiff . . . across the jail cell floor by his head and/or neck" (¶ 26), and "slammed Plaintiff's head into the wall of the jail cell" (¶ 27). Plaintiff also pleads that he was at all times "compliant and not resisting Defendant Voit in any manner." (¶ 30.) Under these facts, the Sixth Circuit has found that the right to be free from excessive force under the Eighth Amendment has been clearly established. *See Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 540 (6th Cir. 2015) ("Under the

Fourteenth, Fourth, or Eighth Amendments, assaults on subdued, restrained and nonresisting detainees, arrestees, or convicted prisoners are impermissible."); *Johnson v. Perry*, 106 F. App'x 467, 469 (6th Cir. 2004) ("An unprovoked application of force to a handcuffed and shackled prisoner would violate clearly established law under the Eighth Amendment."); *see, e.g., Cordell v. McKinney*, 759 F.3d 573, 588 (6th Cir. 2014).

3. The Magistrate Judge concluded that Defendant cannot rely on the jury verdict in the criminal trial. Defendant objects (3 and 3A). Defendant argues that the jury verdict functions as both evidence and precedent to support qualified immunity. Defendant also objects to the authority cited by the Magistrate Judge.

The Court overrules Defendant's objection. The Magistrate Judge accurately summarized the relevant law and applied that law to the facts (the pleadings) in this case.

For these reasons, the Court **ADOPTS** as its opinion the Report and Recommendation. (ECF No. 44). The Court **DENIES** Defendant Voit's motion for judgment on the pleadings. (ECF no. 22.) **IT IS SO ORDERED.**

Date:   November 16, 2022                                       /s/  Paul L. Maloney
                                                                       Paul L. Maloney
                                                                       United States District Judge