UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY ERICKSON,                                  )
                          Plaintiff,             )
                                                 )          No. 2:22-cv-67
-v-                                              )
                                                 )          Honorable Paul L. Maloney
GOGEBIC COUNTY, *et al.*,                        )
                          Defendants.            )
                                                 )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Randy Erickson alleges Defendants violated his civil rights.  The events giving rise to this lawsuit occurred in February 2020 while Plaintiff was incarcerated in the Gogebic County Jail.  The specific incident is captured on video but without audio.  The only remaining defendant, Scott Voit, filed a motion for summary judgment in which he seeks qualified immunity (ECF No. 94).  The Magistrate Judge issued a report recommending the Court deny the motion (ECF No. 128).  Defendant filed objections (ECF No. 129).

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Objection 1 – Application of the Fourth Amendment's "objective reasonableness" standard to Plaintiff's Eighth Amendment claim.

Summarizing the law in the Sixth Circuit, the Magistrate Judge wrote the following:

> The Sixth Circuit held that the facts in *Burnett* established that the plaintiff's resistance justified the use of force. The Sixth Circuit distinguished several cases where the use of force was unjustified because the plaintiff neither resisted nor posed a threat to the officers. *Id.* at 913 (collecting cases.). But where the use of force was proportional to the need to forcibly bring an inmate under control, summary judgment is appropriate. *Sootsman*, 79 F.4th at 620 (collecting cases) (granting summary judgment to an officer who used the amount of force necessary to gain control and handcuff the inmate). These cases establish that summary judgment is not appropriate if there is a factual dispute regarding whether the plaintiff resisted the officer at the time the force was used. *See Smith v. Stoneburner*, 716 F.3d 926, 934 (6th Cir. 2013) (noting that the plaintiff and defendants "dueling accounts" created a genuine issue of material fact as to whether the plaintiff resisted, but that if he did resist, "the officer's force my well have been reasonable.")

(R&R at 15 PageID.2831).

Defendant argues that the Magistrate Judge improperly used the Fourth Amendment's objective reasonableness standard. Defendant argues that the proper Eighth Amendment inquiry is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (Obj. at 2 PageID.2846).

The Court overrules the objection. The Magistrate Judge did not apply the Fourth Amendment's objectively-reasonable analysis to the use of force by Defendant. The cited passage from *Sootsman* is found in the discussion of the subjective element of an Eighth Amendment claim. *Sootsman*, 79 F.4th at 618-20. The Sixth Circuit instructs that when considering whether a defendant used force maliciously and sadistically, a court should

consider multiple factors including whether the nature of the threat justified the use of force and whether the amount of force was proportional to the threat. *Id.* at 618. The Magistrate Judge found that a factual dispute existed concerning whether Plaintiff was resisting Defendant and, therefore, whether force was necessary. The citation to *Stoneburner* does not establish that the Magistrate Judge erred by applying the wrong legal standard. The Magistrate Judge used the "see" signal and specifically referenced the portion of the opinion finding that when the parties present different versions of events, a genuine issue of material fact exists. That legal principle, differing factual accounts create a genuine issue of material fact, applies to both Fourth Amendment and Eighth Amendment claims.

Objection 2 – Analyzing Defendant's conduct from the perspective of a reasonable officer based on undisputed evidence.

The Magistrate Judge found "a genuine issue of material fact regarding whether Erickson was resisting Voit and whether force was necessary at the time that Voit threw Erickson to the ground. Erickson testified that he was not resisting and that he was complying with Voit's order to place his knees down to the best of his ability" (R&R at 19 PageID.2835).

Defendant argues that Plaintiff's intent is irrelevant. Defendant also argues that because video of the incident exists, the Court need not adopt Plaintiff's version of the incident. Defendant contends that he only resorted to force after Plaintiff failed to comply with more than one command to kneel down. Defendant argues that Plaintiff kept his body in the position that Defendant perceived as a threat.

The Court overrules the objection.  A careful review of the video shows the relevant events occurred over approximately five seconds from the time Plaintiff places his left knee on the mattress to the time Defendant places his hands on Plaintiff and begins the takedown.  Defendant testified that, while in the hall, he explained to Plaintiff what to do once in the cell: "I wanted him to get down on the mat[tress] on his knees, and if he was cooperative I would uncuff him" (ECF No. 94-5 Voit Dep. PageID.1539).   Defendant repeated the directive in the cell (*id.* PageID.1540).  Defendant testified that Plaintiff did not get down on his knees because the right leg "was kind of straight out, but not kneeling, like he was trying to maintain balance" (*id.*)  Defendant stated that Plaintiff's knee "wasn't on the mat, it was up, ... it was off to the side" (*id.*)  When asked if Plaintiff's right knee was touching the mat, Defendant responded "It might have been on and off" (*id.* PageID.1540-41).   Defendant testified that he then told Plaintiff to "get down, both knees all the way down" (*id.* PageID.1541).  Defendant insists he gave "three quick commands, down, both knees, all the way down...." (*id.*).

Plaintiff explained what actions he took after hearing Defendant's initial directive. Plaintiff testified that "he asked me to kneel down, so I kneeled down.  And then he asked me to kneel down again.  And I'm like, I'm already kneeling down, to I kneeled my head down, because the wall, and the distance from my body to the wall, I can't kneel all the way on the ground" (ECF No. 94-3 Erickson Dep. PageID.1488-89).  Plaintiff explained what he did after hearing Defendant repeat the order to kneel down.  "Well, when he told me to kneel down, I took it as the only other option is for me to put my head down, because I already had my knees down as far as they could go down on the ground" (*id.*

PageID.1492).  When asked if he had both knees on the mat, Plaintiff answered "I had

one knee up against where the mat is, because there is not enough room to put both of my

knees on it with my head being right up against the wall" (*id.*).  Plaintiff insisted that there

"is no possible way for me to put my other knee up there and bend down" (*id.*

PageID.1493).

   With one exception, the two accounts in the parties' testimony are not sufficiently

different for the Court to have to accept one over the other.  For the most part, the video

supports both Plaintiff's and Defendant's version of events.  Again, the video does not have

any audio so the Court cannot hear Defendant's commands.  Viewing the video in the light

most favorable to the non-moving party, it appears that Plaintiff does place his right knee

on the mattress.  The right leg is bent with the right knee leaning on the mat and the right

foot still on the floor.  The video does not support Defendant's testimony that Plaintiff's

right knee was not on the mat.

   Viewing the video and the testimony in the light most favorable to Plaintiff, a

genuine issue of material fact exists regarding whether Plaintiff was resisting Defendant's

orders.  Defendant insists that Plaintiff did not comply with the order to kneel because

Plaintiff's right foot remained on the ground.  But Defendant told Plaintiff to kneel down,

meaning that Plaintiff had to position himself in a manner where both knees were touching

the mat, which he did.  Defendant did not tell Plaintiff to get his feet off the ground.

   And, even if Defendant is correct that Plaintiff was not complying with his demands,

another genuine issue of material fact undermines Defendant's request for qualified

immunity.  The Magistrate Judge also found that a genuine issue of material fact exists

whether the force used was necessary at the time.   Defendant insists that force was necessary for his safety and to prevent the threat Plaintiff posed.   As Defendant describes the threat, the danger would occur during the act of removing the handcuffs.   Defendant does not suggest that Plaintiff posed any threat while he remained in handcuffs.   Therefore, a dispute of fact exists whether the force used was necessary and proportionate to the threat that existed at the time of the incident when Plaintiff was handcuffed.   Defendant's own testimony about the conversation in the hall establishes the alternative.   The handcuffs would only come off if Plaintiff cooperated.   If Plaintiff was not cooperating and was resisting, Defendant did not need to use any force at all.   Defendant could have declined to remove the cuffs until Plaintiff cooperated.

Objection 3 – The Report and Recommendation omits the subjective component of an Eighth Amendment deliberate indifference claim.

Defendant argues that an Eighth Amendment deliberate indifference claim contains both an objective and a subjective component.   Defendant quotes one sentence at the bottom of page 22 (PageID.2383) of the R&R and asserts that the Magistrate Judge's conclusion is contrary to law.

The Court overrules this objection.   The Magistrate Judge accurately summarizes the law concerning the subjective component for an Eighth Amendment deliberate indifference claim (R&R PageID.2837).   The facts outlined in the two full paragraphs on page 22 (PageID.2838) and the discussion in the second paragraph support the Magistrate Judge's conclusion that a genuine issue of material fact for the deliberate indifference claim.

Objection 4 – The Report improperly relies on Plaintiff's allegations rather than the evidence.

Defendant argues that the Magistrate Judge assumed the truth of the allegation in the complaint and did not rely on the evidence in the record to resolve the motion for summary judgment.

The Court overrules this objection.  The Magistrate Judge provided the allegations in the complaint for context and to establish the causes of action in this lawsuit.  The Magistrate Judge summarizes the allegations in the section titled "Plaintiff's Factual Allegations" (R&R PageID.2818).  Defendant points to the language on page 21 of the Report and Recommendation (PageID.2837), that a plaintiff "must allege that the medical need at issue is sufficiently serious."  The use of the word "allege" in the sentence does not establish that the Magistrate Judge failed to consider the evidence.  The next full paragraph on the following page (PageID.2838) identifies evidence in the record concerning the extent of Plaintiff's injuries, which included a fractured rib.

In this same section, Defendant appears to object to the conclusion that the record supports the objective element of an Eighth Amendment deliberate indifference claims. Defendant argues that the doctor did not characterize the injury as either serious or obvious.  Defendant argues that the treatment the doctor described does not suggest any serious risk of harm in the absence of medical attention.  The Court also overrules this objection.  The record contains medical evidence that Plaintiff suffered a fractured rib (ECF No. 114-11 PageID.2274).

Objection 5 – The Report improperly considers irrelevant evidence.  Defendant contends the Report quotes a portion of a letter dated nearly three years after the incident. Defendant "objects to the Report's reliance upon this letter…" (Obj. PageID.2856).

The Court overrules this objection.  The Magistrate Judge did not rely on the contents of the letter as the basis for any finding of fact, conclusion of law, or recommendation.

The Court has reviewed de novo the specific portions of the R&R to which Defendant objects, and the Court has overruled the objection.  Accordingly, the Court **ADOPTS** the report and recommendation (ECF No. 128) and **DENIES** Defendant's motion for summary judgment (ECF No. 94).  In doing so, the Court notes that the R&R resolves the question of qualified immunity by finding that genuine issues of material fact exist.  **IT IS SO ORDERED.**

Date:    March 22, 2024                                      /s/  Paul L. Maloney
                                                                          Paul L. Maloney
                                                                          United States District Judge